IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-CV-03303-MDH |
| | ) | |
| PAUL SWALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 15). The Magistrate Judge found by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released, and recommended that the Defendant be committed to the custody of the Attorney General under 18 U.S.C. § 4246. Defendant has filed exceptions (Doc. 16) and the matter is ripe for review.

In 2017, Defendant was charged with Arson in the United States District Court for the District of South Dakota. On April 16, 2019, the district court found Defendant incompetent to proceed to trial and that there was no reasonable likelihood he would be restored to competency in the foreseeable future. (Doc. 1-1 at 3). On June 28, 2019, a panel of psychologists issued a forensic psychological report, wherein they diagnosed Defendant with schizophrenia, alcohol-, cannabis-, methamphetamine-, and inhalant-use disorders. (Doc. 1-2 at 13-14). His symptoms include social withdrawal, visual and auditory hallucinations, and delusional beliefs. *Id.* Based on those diagnoses, symptoms, his history of violence and conduct at the USMCFP, lack of viable release plan, and several historical and clinical risk factors for future violence, the panel found his

release would create a substantial bodily injury to another person or serious damage to property of another and recommended civil commitment under 18 U.S.C. § 4246. *Id.* at 15-16.

Defendant's counsel requested an independent psychological evaluation from Shawna Baron, Psy.D. (Doc. 10). Defendant declined to participate in the evaluation. (Doc. 10 at 2). In her report, Dr. Baron concurred with the opinion of the Risk Assessment panel, concluding Defendant was at "at substantial risk for harm to himself, others, and property at this time" and recommended § 4246 commitment. *Id.* at 7.

The Magistrate Judge held an evidentiary hearing on Plaintiff's Petition on November 19, 2019. (Doc. 14). At the hearing, Defendant acknowledged the panel's diagnosis also stated he does not believe he has a mental illness. When askes his age, he responded "34, 22, 39, 29." *Id.* at 3. He also testified that he believes his medical injections are "helpful" and that he would not be a danger to others if released to his hometown in South Dakota. (Doc. 11 at 4-5).

In light of the conclusions of the Risk Assessment panel and the independent psychological evaluator, the Magistrate Judge recommended Defendant be committed under § 4246. Defendant excepts to the recommendation of the Magistrate Judge, arguing the government has not met its evidentiary burden required under § 4246. (Doc. 13). Defendant points solely to his testimony at the evidentiary hearing held before the Magistrate Judge.

After carefully review of the record, the Court finds that Defendant's testimony as to his dangerousness and his diagnoses is not credible in the face of the unanimous contrary conclusions reached by the Risk Assessment Panel and his own psychological evaluator. The Court finds by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released. As such, the Report and Recommendation of the Magistrate Judge is hereby

**ADOPTED**. Defendant is **COMMITTED** to the custody of the Attorney General pursuant to 18

U.S.C. § 4246.

      **IT IS SO ORDERED.**


DATED: December 17, 2019

                 */s/ Douglas Harpool*
                 **DOUGLAS HARPOOL**
                 **UNITED STATES DISTRICT JUDGE**